[L. A. No. 14453. In Bank.—March 30, 1934.]

DONALD SNODGRASS, Respondent, v. HENRY W. HAND et al., Appellants.

Edward J. Kelly for Appellants.

Stickney & Stickney for Respondent.

WASTE, C. J.—Defendants appeal on the judgment-roll from a judgment entered in favor of the plaintiff.

The action was instituted to recover money damages for injuries incurred as the result of a collision between plaintiff's bicycle and an automobile operated by the defendant Henry W. Hand with the knowledge and consent of the defendant-owner, Dora B. Hand, his wife. It is not contended that the car at the time of the accident was being operated by an agent of the owner or on the latter's business. This being so, the owner's liability, if any, is limited to $5,000 because of the provisions of section 1714¼ of the Civil Code, which section provides in part that "Every owner of a motor vehicle shall be liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner provided that the liability of an owner for imputed negligence imposed by this section and not arising through the relationship of principal and agent or master and servant shall be limited to the amount of five thousand dollars for the death of or injury to one person in any one accident. . . . "

The appeal being here on the judgment-roll alone it will be presumed, on well-settled principles, that the trial court properly and fully instructed the jury on the liability of the respective defendants and particularly on the limited liability of the defendant-owner. With these instructions before it the jury brought in the following verdict: "We, the jury in the above entitled cause, find in favor of plaintiff and against defendant Henry W. Hand [operator of the car] and fix plaintiff's damages against said defendant, in the sum of Five Thousand ($5000) and jointly in favor of plaintiff against defendant Dora B. Hand jointly with Henry W. Hand and fix plaintiff's damages against said defendant, in the sum of Five Thousand Dollars ($5000.00)."

The court below construed the verdict to be an award of damages against the operator of the car, individually, in the sum of $5,000 and an additional joint award of damages against the operator and owner of the car in the further

sum of $5,000. In other words, the trial court concluded that the verdict constituted an award of damages against the operator of the car in the sum of $10,000, for one-half of which sum the owner of the car was to be jointly liable. Judgment was accordingly entered.

Defendants now contend for the first time that the verdict is so ambiguous and unintelligible as to be insufficient to support any judgment. It is urged that the first part of the verdict is clear and definite in its award of damages in the sum of $5,000 against the operator of the car, individually, but that the second part of the verdict, wherein damages in the sum of $5,000 is awarded against said operator and the owner of the car, jointly, is uncertain in that it cannot be determined therefrom whether the latter award embraces the former.

We do not share this view. In our opinion the verdict very definitely awards damages in the sum of $5,000 against the operator, individually, and then proceeds to make a second award, the two being joined by the conjunctive "and", "jointly in favor of plaintiff against defendant Dora B. Hand *jointly* with Henry W. Hand and fix plaintiff's damages against said defendant, in the sum of Five Thousand Dollars ($5000.00)". Had the jury intended but a single award of $5,000, for which the defendants were to be jointly liable, it would have been a simple matter to so state. To achieve such result there would have been no necessity for employing a complicated form of verdict divided into parts which respectively provide for individual and joint liability. The mere form of the verdict suggests to us that the jury intended to do more than render a simple verdict for $5,000 against the defendants jointly. ■ Moreover, the appeal being on the judgment-roll alone, it will be presumed that the trial court correctly and properly instructed the jury on the law and on the use and effect of the forms of verdict submitted to them. It will also be presumed that the jury followed the court's instructions and that the verdict, in the light of such instructions, was clear and intelligible to the trial court. ■ In construing a verdict reference may be had to the pleadings, the evidence and the charge of the court. (*Sitterson* v. *Sitterson,* 191 N. C. 319 [131 S. E. 641, 642, 51 A. L. R. 760] ; *Consolidated etc. Min. Co.* v. *Struthers,* 41

Mont. 565 [111 Pac. 152, 154].) Obviously, on an appeal on the judgment-roll alone, an appellate court, being wholly unfamiliar with the evidence and the charge to the jury, is not placed at the point of view occupied by the trial court when the latter construed the verdict. This being so, it will be presumed that the lower court's interpretation of the verdict was reasonably warranted under the evidence and instructions. Any and all reasonable inferences will be indulged in to support rather than defeat the verdict and judgment. (*Johnson* v. *Visher*, 96 Cal. 310, 313 [31 Pac. 106]; *Ochoa* v. *McCush*, 213 Cal. 426, 430 [2 Pac. (2d) 357].) The test is not whether an appellate court can understand and construe the verdict on a record consisting solely of the judgment-roll, but whether such record affirmatively shows that the trial court's interpretation is erroneous. We cannot say on the record now before us that the trial court erred in construing the verdict as it did.

In view of what has been said we give only passing notice to the fact that appellants failed to voice any objection in the trial court to the form of the verdict. Timely objection in that tribunal might well have served to obviate any uncertainty or doubt entertained by the appellants.

Judgment affirmed.

Curtis, J., Preston, J., and Thompson, J., concurred.

Rehearing denied.

Langdon, J., dissented.