[Civ. No. 8422. Second Appellate District, Division Two.—July 20, 1934.]

LILLIAN M. BRADFORD et al., Respondents, v. PAUL M. BROCK et al., Appellants.

Jennings & Belcher and George L. Greer for Appellants.

Sherman & Sherman for Respondents.

SCOTT, J., *pro tem.*—Plaintiffs, heirs at law of Elizabeth Otley, deceased, brought this action to recover damages for her death. She was struck and killed by an automobile driven by defendant Brock, an employee of his co-defendant Stationery Company. The automobile was owned by the employer and the driver was in the course of his employment at the time of the accident. Deceased, in company with a young boy, was crossing Wilshire Boulevard at the intersection of Crescent Heights Boulevard in the city of Los Angeles at about 7:30 o'clock in the evening of January 29, 1930, when the accident occurred, resulting also in the death of the boy. The jury returned a verdict for plaintiffs against both defendants, and from judgment thereupon entered the latter have appealed.

Two instructions given by the court were so prejudicially erroneous that a reversal of the case is necessary. Plaintiffs' instruction number 14, as it was given, reads: "The court instructs the jury that Elizabeth Otley may have been careless and negligent in receiving injuries which caused death and yet her negligence may not be contributory negligence. It may not be a direct cause, or proximate, and if the injury was inflicted by the defendants without any direct help from the negligence of Elizabeth Otley, then the defendants would still be liable. If the injury or injuries which caused death, if you find that they did cause death, could have been avoided, in spite of Elizabeth Otley's negligence, if any, by the exercise of due care on the part of the defendants, then the defendants would be liable." This instruction was contrary to the provisions of Civil Code, section 1714, and section 377 of the Code of Civil Procedure,

on which this action was in part predicated. It told the jury in effect that defendants were liable even though they had not been guilty of negligence and even though deceased had been guilty of contributory negligence, and is obviously erroneous. Respondents do not suggest that the instruction is correct, and cite no authority to support it. Even when read in connection with the court's entire charge its harmful error is not mitigated.

Plaintiff's instruction No. 8, likewise given, is also erroneous, because it gave the jury a wrong measure of damages to apply to the case. Instructions 7 and 8, which were read together, are as follows: (7) "The court instructs the jury: That if you find for the plaintiffs, merely determine from the evidence the probable amount and value of the pecuniary aid, if any, which the said Elizabeth Otley would probably have contributed after the 29th day of January, 1930, if she had not been killed, to the plaintiffs Lillian M. Bradford, Constance E. Britton, Evelyn I. Smith.and Albert R. Otley, and fix the damages, if any you find, in such sum as you find from the evidence if paid in hand at this time would fairly compensate them for the pecuniary loss, if any, resulting to them by reason of the death of the said Elizabeth Otley." (8) "The court instructs the jury: In estimating such damages, if any, you award the plaintiffs you may and should consider, so far as shown by the evidence, the age and occupation of the said Elizabeth Otley at the time of the injury which caused her death; her bodily health and ability to earn money; her habits as to industry, thrift and economy, if any such have been shown; the contingencies of life such as ill-health, non-employment, increase or diminution in earning capacity as age advances, and all other facts and circumstances in the evidence tending to show the amount, if any, that the estate might have accumulated if she had lived out the term of her natural life, and award plaintiffs such a sum as you believe from the evidence, under the rules herein stated, will be a fair and reasonable compensation for the pecuniary loss sustained by the plaintiffs as a result of their mother's death."

The latter instruction told the jury in effect that the savings of deceased which she might have accumulated if she had lived and which plaintiffs might have inherited upon her death were a proper basis on which to award damages in

this case. That is not the rule in this state. In *Burk* v. *Arcata & Mad River R. R. Co.*, 125 Cal. 364 [57 Pac. 1065, 73 Am. St. Rep. 52], the court, after reviewing the history of the statute giving this right of action to the heirs of a deceased, expressly repudiated the above suggested rule as "opposed to reason and the trend of the decisions". It is rejected also in *Simoneau* v. *Pacific Electric Ry. Co.*, 154 Cal. 494, 507 [115 Pac. 320], as "out of harmony with our statutes and decisions". (L. R. A. 1916E, p. 118, note.)

The testimony in support of the claim of pecuniary loss to the heirs is so unsubstantial and uncertain that it appears probable that the jury awarded damages on the basis of the erroneous theory contained in instruction No. 8, rather than on any proper basis. The deceased was fifty-nine years old, working as a housekeeper at $65 per month, room and board. Plaintiffs were a man and three women, all married, and at the time of trial the youngest was twenty-seven years of age. The contributions of deceased were small gifts and small sums of money, and were prompted more by affection than necessity. The evidence in support of the damages claimed being so meager, an erroneous instruction as to the measure to be applied could not be otherwise than prejudicial.

The jury returned a verdict as follows: "We the jury in the above entitled action, find for the plaintiffs and assess the damages at $2500 against Paul M. Brock, and $2500 against Schwabacher-Frey Stationery Company." Judgment thereon was entered for plaintiffs for $2,500 as against Brock and $2,500 as against the Stationery Company, being a several judgment on which plaintiffs could legally collect a total of $5,000. The court should have construed the verdict as being for a total sum of $2,500 against both defendants and, if otherwise satisfied with its correctness, should have entered judgment to that effect. Where a verdict is returned against the operator of an automobile for a sum less than $5,000 for injuries to one person, and the jury seeks to hold the owner for damages growing out of the same occurrence, under Civil Code, section 1714¼, its verdict against such owner must be in the same sum as against the operator. (*Kerrison* v. *Unger*, 135 Cal. App. 607 [27 Pac. (2d) 927] ; *Marriott* v. *Williams*, 152 Cal. 705 [93 Pac. 875, 125 Am. St. Rep. 87].)   In *Snod-*

*grass* v. *Hand,* 220 Cal. 446 [31 Pac. (2d) 198], cited by respondents, the jury apparently intended to return a verdict against the operator of the car for $10,000 and was limited under the code section to $5,000 as against the owner; and judgment for those amounts being entered, it was sustained on an appeal which was taken on the judgment-roll alone. Such a determination is not in conflict with the rule here announced. The reason for the rule is obvious. If the detriment to plaintiffs caused by the operator of the car is found by the jury to be $2,500, they should not be permitted to collect that sum from him and then go to the owner or employer, whose liability arises out of his relationship to the car or its operator, and not out of any independent act, and collect a further like sum, thereby obtaining double the amount to which plaintiffs are entitled under the jury's decision.

It being evident that the case must be remanded for a retrial on all of the issues, it appears unnecessary to discuss the further points urged by appellants.

Judgment reversed.

Stephens, P. J., and Craig, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 13, 1934.