[Civ. No. 8927. First Appellate District, Division One.—September 28, 1934.]

JOHN HARVELD, Respondent, v. MRS. E. MILANI et al., Appellants.

Hadsell, Sweet & Ingalls and Robert L. Lamb for Appellants.

Frank B. Thompson for Respondent.

KNIGHT, J.—An automobile belonging to the defendant Mrs. E. Milani and driven by her daughter, Adele Milani, with Mrs. Milani's permission, collided with another automobile driven by one Lundgren about 10:30 o'clock at night on Cliff House Hill in San Francisco. Plaintiff was riding with Lundgren at the time and was injured. On account of said injuries he brought this action for damages against Miss Milani and her mother; and a jury returned a verdict in his favor and against both defendants for the sum of $6,000. From the judgment entered thereon defendants appeal.

The evidence, although conflicting on some points, is amply sufficient to show that the collision was proximately caused by the negligent operation of the Milani car. At the time of the accident it was descending the hill at an excessive speed, and testimony was introduced by plaintiff to prove that as it approached the Lundgren car, which

was ascending the hill, it swerved suddenly to the left directly toward the Lundgren car, which was traveling at a reasonable rate of speed, and although Lundgren tried to escape being struck by maneuvering his car suddenly to his right, away from the Milani car, he was unable to get out of the way, and his car was struck with great force. The testimony on the part of plaintiff was strongly supported by the physical conditions existing immediately following the impact.

Two grounds for reversal are urged, one of them being that the court erred in giving an instruction on contributory negligence. This instruction correctly declared the law upon the subject up to the concluding sentence, which read as follows: "It [contributory negligence] admits actionable negligence on the part of the defendant, the responsibility for which he avoids by showing a concurring and contributory negligence on the part of the person injured."

In some of its earlier decisions, particularly in *Linforth* v. *San Francisco Gas & Elec. Co.*, 156 Cal. 58 [103 Pac. 320, 19 Ann. Cas. 1230], which was reaffirmed in *Wiezorek* v. *Ferris*, 176 Cal. 353 [167 Pac. 234], the Supreme Court has said that such an instruction is sound in point of law; but as declared in *Sheets* v. *Southern Pac. Co.*, 212 Cal. 509, 515 [299 Pac. 71], the later decisions have refused to approve such an instruction and have intimated that should the giving thereof affect substantial rights of the defendant, reversible error might well be concluded to have resulted therefrom.

After a review of the entire record in the present case we are satisfied that no miscarriage has resulted from the giving of this instruction. The evidence is overwhelmingly in favor of plaintiff on the issue of negligence and the court gave some eight other instructions upon the subject of contributory negligence, the correctness of none of which is challenged. Two late cases, identical in principle with the present one, wherein the court refused to reverse the judgment for the giving of such an instruction are *Jackson* v. *Lactein Co.*, 209 Cal. 523 [288 Pac. 781], and *Dullanty* v. *Smith*, 203 Cal. 621, 627 [265 Pac. 814]. As said in the latter case: "The . . . instruction mentioned has not our unqualified approval and it would have been better to have omitted it; still, it does not appear that the substan-

tial rights of the defendant were prejudiced' thereby or that the giving of it constituted reversible error.''

Appellant relies mainly on the case of *Sheets* v. *Southern Pac. Co., supra.* There, however, the appeal was not from the judgment, but from an order granting a new trial on the ground of errors of law. In other words, the trial court determined in effect, on motion for new trial, that in view of the record in that particular case, the giving of an instruction in the form here given did operate prejudicially against the defendant and doubtless resulted in a miscarriage of justice. ■ In this regard it is well settled that in granting a motion for a new trial on the grounds of erroneous instructions, it is proper that a wide discretion should be allowed to the trial court, and' the order granting the new trial should not be disturbed unless there appears to be an abuse of discretion. (*Sheets* v. *Southern Pac. Co., supra; Pope* v. *Wenisch,* 109 Cal. App. 608 [293 Pac. 622]; *Montgomery* v. *Globe Grain & Mill. Co.,* 109 Cal. App. 695 [293 Pac. 856]; *Thompson* v. *California Const. Co.,* 148 Cal. 35 [82 Pac. 367]; *Associated Fruit Co.* v. *Marone,* 68 Cal. App. 358 [229 Pac. 868].) And therefore, in the Sheets case, *supra,* in affirming the ruling of the trial court granting a new trial, the Supreme Court in substance and effect held that owing to the closeness of the evidence in that case, it would not hold' that the trial court had abused its discretion in ruling that the instruction was prejudicial. In the present case the trial court determined on motion for new trial that said instruction did not operate prejudicially; and as above indicated we are in accord' with such conclusion.

■ The remaining point urged by defendants is that in view of the limitation fixed by section 1714¼ of the Civil Code of the amount of damages which may be recovered against the owner of an automobile operated by another with his consent, the judgment against Mrs. E. Milani should' be reduced to $5,000. Plaintiff so concedes.

It is ordered, therefore, that the judgment as to the defendant Adele Milani be and the same is hereby affirmed; and that the judgment against the defendant Mrs. E. Milani be modified by reducing the amount thereof to $5,000, and as thus modified it will stand affirmed. The trial court is directed to re-enter judgment to that effect, in the form sug-

gested on pages 5 and 6 of defendants' opening brief, except that said judgment shall bear interest at the legal rate from the date of the entry of the original judgment. Plaintiff will recover his costs of appeal.

Tyler, P. J., and Cashin, J., concurred.