[Civ. No. 9376. Second Appellate District, Division One.—July 23, 1935.]

CARL S. MILBURN, Respondent, v. LUCILLE FOSTER et al., Defendants; J. ARTHUR FOSTER, Appellant.

W. I. Gilbert, W. I. Gilbert, Jr., Lewis D. Collings and David W. Johnson for Appellant.

Phil S. Gibson for Respondent.

ROTH, J., *pro tem.*—In this action to recover damages for personal injuries suffered by respondent as result of being struck by an automobile operated by defendant Lucille Foster with permission of the owner, appellant J. Arthur Foster, upon request of appellant, a doctor was appointed for the purpose of giving medical testimony.　　After some preliminary questions, the court said to the doctor: ''Now, will you state to the jury what your examination consisted of and what you found as a result of your examination?'' In the course of his testimony, the doctor referred to some matters clearly . hearsay which could not be properly classified as

medical history within the rule announced in *Sherwood* v. *Thomas,* 124 Cal. App. 450 [12 Pac. (2d) 676], and which testimony may be conceded to be inadmissible, and also repeated a statement made to him by respondent as to the manner in which the accident happened, which statement was also inadmissible. (*St. Louis etc. Ry. Co.* v. *Williams,* 108 Ark. 387 [158 S. W. 494].) Appellants, however, made no objection to any of the statements made by the doctor, nor did they make any motions striking any portions of his testimony of which they now complain and to which they direct this court's attention. Under such circumstances, appellants cannot now be heard to complain. (*Perry* v. *McLaughlin,* 212 Cal. 1, 6 [297 Pac. 554].) Furthermore, the inadmissible matters to which our attention has been directed are of so little importance that had objections or motions been properly made and overruled or denied, there would be no showing of such error as to warrant a reversal of the judgment.

The jury in the case brought in a verdict "against Lucille Foster, as operator . . . and against J. Arthur Foster as owner . . . in the sum of $25,000.00". Judgment was entered on the verdict in that amount. Subsequently on proceedings on the motion for new trial, respondent consented to a reduction of the judgment to $10,000, limiting the liability of appellant J. Arthur Foster to the sum of $5,000. Appellant contends that the verdict and judgment were against the law because the amounts due from each defendant were not segregated, and that the court could not cure the error by its modification of the judgment. The liability of the defendant J. Arthur Foster is based upon section 1714¼ of the Civil Code. This liability is joint and several (*Pascoe* v. *Payne,* 124 Cal. App. 528, 531 [12 Pac. (2d) 1091]; *Broome* v. *Kern Valley Packing Co.,* 6 Cal. App. (2d) 256 [44 Pac. (2d) 430], hearing by the Supreme Court denied), except that the liability in so far as defendant owner is concerned, being created by statute, is limited to the amount fixed by statute. In cases which predicate liability of an owner defendant under this section when ownership of the automobile and permission to operate the same has been proved, the owner becomes directly liable for damage suffered in an amount limited by the statute, and this liability is direct and several, as well as joint, and is not dependent

upon a judgment against the operator. It is not necessary to sue the operator if the respondent plaintiff is satisfied with the limited judgment he may obtain against the owner. (*Broome* v. *Kern Valley Packing Co., supra.*) When both the operator and owner are joined as defendants, some confusion has been created because of the limited liability of a defendant owner. (*Snodgrass* v. *Hand,* 220 Cal. 446 [31 Pac. (2d) 198]; *Bradford* v. *Brock,* 140 Cal. App. 47, 50 [34 Pac. (2d) 1048].) Separate verdicts have caused as much confusion as a single verdict against both classes of defendants. (*Harveld* v. *Milani,* 1 Cal. App. (2d) 157, 160 [36 Pac. (2d) 393]; *Webster* v. *Harris,* 119 Cal. App. 46, 52 [6 Pac. (2d) 88].) The foregoing cases suggest that the problem is to determine from the verdict or verdicts which are brought in what the jury had in mind as the total sum to be allowed. When the verdict is single as against both operator and owner, there can be no ambiguity on this subject. Ambiguity as to the total sum to be allowed is created only when there are separate verdicts as against the separate defendants. ▉ The cases clearly hold that when a single verdict is brought in against both classes of defendants, and such verdict by its terms fails to limit the liability of owner defendants to those amounts fixed by the statute (sec. 1714¼, Civ. Code), an appellate court may modify the judgment by reducing the same to the statutory limits as against owner defendants. (*Webster* v. *Harris, supra; Harveld* v. *Milani, supra.*) ▉ Such a verdict, therefore, as well as any judgment entered thereon is not void, but may be corrected and reduced. In the instant case the court acting on a motion for new trial made an order granting a new trial unless respondent within five days consented to a reduction of the judgment to $10,000, limiting the liability of appellant J. Arthur Foster to $5,000. Respondent consented to the reduction and in our opinion error in the original verdict and judgment entered thereon was cured by the order of the trial court and the consent of respondent.

Judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.