[Civ. No. 11067. First Appellate District, Division One.—April 21, 1939.]

ATHALIE PHIPPS, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

372

Philander B. Beadle for Petitioner.

Bronson, Bronson & McKinnon and Lawrason Driscoll for Respondents.

WARD, J.—Petitioner sued Helen M. Patterson and her husband F. J. Patterson as driver and owner respectively of an automobile for personal injuries, the result of an accident in which plaintiff was struck while crossing a street near an intersection. The wife was operating the vehicle with the consent of her husband. A jury rendered verdicts in favor of plaintiff and against defendants in form as follows: "We, the jury in the above entitled cause, find in favor of the plaintiff and against the defendant F. J. Patterson and assess damages in the sum of $2,500." "We, the jury in the above entitled cause, find in favor of the plaintiff and against the defendant Helen M. Patterson and assess damages in the sum of $2,500.00." Judgment was entered as follows: "In the above entitled action, in conformity to the verdict of the jury therein, judgment is hereby entered that the plaintiff, Athalie Phipps, do have of and recover from the defendant, F. J. Patterson, the sum of $2,500.00; and that the plaintiff, Athalie Phipps, do have of and recover from the defendant, Helen M. Patterson, the sum of $2,500.00; together with costs and disbursements herein amounting to the sum of $315.70." Defendants filed notice of intention to move for a new trial but this motion was evidently abandoned and no appeal taken. Subsequently plaintiff presented a motion "for an order correcting clerical mistakes in the two verdicts . . . to-wit: change the figure '$2,500' in each of said verdicts to read '$5,000'." In the same motion a request was made for an order "correcting clerical mistakes" in the judgment by changing the figures $2,500 to $5,000. This motion was denied and plaintiff appealed. The order of denial to correct the verdicts and judgment was affirmed. (*Phipps* v. *Patterson,* 27 Cal. App. (2d) 545 [81 Pac. (2d) 437].) Subsequently defendants moved for an order correcting the entry and record of judgment to read as follows: "That plaintiff Athalie Phipps have and recover from defendants F. J. Patterson and Helen M. Patterson, the sum of $2,500.00," and that the order of correction be entered *nunc pro tunc* as of the date of the original entry. This motion was granted and from the order cor-

recting the entry of judgment plaintiff petitioned for a writ of review.

If the entry of this judgment was essentially a part of the clerk's duty, and the mistake not inherently judicial, the interest of justice required a change in the judgment. (*Fox* v. *Hale & Norcross S. M. Co.*, 108 Cal. 478 [41 Pac. 328].) In *Estate of Burnett*, 11 Cal. (2d) 259, 262 [79 Pac. (2d) 89], the court said: "Admittedly a trial court upon its own motion or on *ex parte* application, has jurisdiction to correct mistakes in its orders and records which are not actually the result of the exercise of judgment. (*Lauchere* v. *Lambert*, 210 Cal. 274 [291 Pac. 412]; *Estate of Willard*, 139 Cal. 501 [73 Pac. 240, 64 L. R. A. 554]; *Carter* v. *J. W. Silver Trucking Co.*, 4 Cal. (2d) 198 [47 Pac. (2d) 733].)" ■ The court does not have the right to correct a proper judgment (*Estate of Potter*, 141 Cal. 424 [75 Pac. 850]), but it has the right to change the judgment in accordance with the actual decision (*Takewaka* v. *Hole*, 170 Cal. 323 [149 Pac. 593]).

Petitioner's position is that the judgment had become final; that the order changing the judgment was in respect to a matter of substance, and not clerical error, and it was therefore in excess of the jurisdiction of the court. The court retains control of the jury until it is discharged and has the authority to return the jury to the jury room for further deliberation in an effort to obtain a verdict conforming to statutory provisions. ■ When the court's attention is called to an improper verdict, it is the court's duty to further instruct the jury upon the subject of the legal limitation of the verdict under consideration (*Van Damme* v. *McGilvray Stone Co.*, 22 Cal. App. 191 [133 Pac. 995], cited with approval in *Brown* v. *Regan*, 10 Cal. (2d) 519 [75 Pac. (2d) 1063]), but whatever the substance of the verdict may be, it is the decision of the jury and not the result of the exercise of the judgment of the court. ■ In view of the confusion that has arisen in connection with the rendition of a verdict under section 402 of the Vehicle Code, no surprise may be expressed at the fact that the litigants and the court remained silent when the verdict was read. If the court's views upon the subject had been suggested, a mistrial or a miscarriage of justice might have resulted. We are not prepared to say from the record before us that any of the parties litigant remained silent at the time of the

rendition of the verdict for the purpose of reaping a "technical advantage" that might result by reason of the situation. (*Brown* v. *Regan, supra,* p. 524.) Under all of the circumstances presented, we cannot hold that respondents are estopped in their efforts to have the judgment properly construed. The jury was discharged without objection by either side.

█ In the absence of a motion by one of the litigants, or a request by the clerk, the trial court is not called upon to construe the verdict immediately with a view to the entry of the judgment. The rendition of the verdict is ineffectual until entered as a judgment. It is the duty of the clerk to enter the judgment in conformity with the verdict within twenty-four hours, unless upon motion a stay of proceedings is granted or an order made reserving the entry for argument or consideration. (Code Civ. Proc., sec. 664.) When a clerk enters a verdict as a judgment, he may not enlarge, extend, reduce or decrease the scope of the verdict. In the entry of the judgment the clerk simply performs a ministerial act. (14 Cal. Jur. 917, 920, secs. 34, 35.) The rendition of a general verdict corresponds to the filing of findings of fact, and the provision of section 664 of the Code of Civil Procedure is employed in lieu of a direct order by the court to enter the judgment (*Marshall* v. *Taylor,* 97 Cal. 422 [32 Pac. 515]), but the entry is a clerical and not a judicial act. It does not imply a judicial decision by the trial judge. The *nunc pro tunc* order now under review is not an order vacating a previous judgment, but is a correction of a clerical mistake in the original entry. (*Crawford* v. *Meadows,* 55 Cal. App. 4 [203 Pac. 428].) In the present case the clerk inadvertently entered a several judgment against each defendant, when in fact the verdict correctly construed is a joint and several judgment and should have been entered against both defendants. (*Milburn* v. *Foster,* 8 Cal. App. (2d) 478 [47 Pac. (2d) 1106].)

█ If the court had directed the entry of a judgment wrong in law, it could not be corrected summarily (*McKannay* v. *McKannay,* 68 Cal. App. 701 [230 Pac. 214]), but if the entry of judgment was made without judicial direction and was not in conformity with statutory provision, the court had an inherent right to cause the records to reflect the limitation of the legislative pronouncement; in other words, to make the judgment conform to the verdict ren-

dered. The trial court had a right to construe the verdict. (*Snodgrass* v. *Hand*, 220 Cal. 446 [31 Pac. (2d) 198].) This right continued "regardless of lapse of time" to any period within which it would be necessary to interpret the verdict. (*McKannay* v. *McKannay*, *supra*.) A *nunc pro tunc* order to make definite and clear the terms of the verdict was a proper method of procedure. (*Lauchere* v. *Lambert*, 210 Cal. 274 [291 Pac. 412].)

The general rule is that the liability of joint tort-feasors cannot be segregated, and that only one judgment can be entered against both (*Curtis* v. *San Pedro Transp. Co.*, 10 Cal. App. (2d) 547 [52 Pac. (2d) 528]), though the amount of recovery may, by statutory provision, be limited against certain tort-feasors. An illustration is the provision in section 402 of the Vehicle Code wherein the liability of the owner for imputed negligence, not arising through the relation of principal and agent or master and servant, is limited for death or injury in one accident to one person to the sum of $5,000. The amount recoverable from the driver or operator of the car may be in excess of that amount.

When a verdict is returned against the driver, and an amount is also assessed against the driver and owner, the verdict may be termed to be individual and joint. (*Snodgrass* v. *Hand*, *supra*.) Unlike the Snodgrass case, wherein the two verdicts were joined by the use of the conjunction "and", the verdicts under consideration in this case were returned on separate forms. The driver was not named in one verdict, and the owner was not named in the other. The form and language used in the verdict assist in the determination of the scope of the judgment. In *Holland* v. *Kodimer*, 11 Cal. (2d) 40, 42 [77 Pac. (2d) 843], the court said: "It is now well settled that 'In cases which predicate liability of an owner defendant under this section (1714¼, Civ. Code) [the former counterpart of section 402 of the Vehicle Code] when ownership of the automobile and permission to operate the same have been proved, the owner becomes directly liable for damage suffered in an amount limited by the statute, and this liability is direct and several, as well as joint, and is not dependent upon a judgment against the operator.' (*Milburn* v. *Foster*, 8 Cal. App. (2d) 478, 480 [47 Pac. (2d) 1106]; *Guberman* v. *Weiner*, 10 Cal. App. (2d) 401, 404 [51 Pac. (2d) 1141]; *Brush* v. *Kurstin*, 11 Cal. App. (2d) 258, 262 [53 Pac. (2d) 777]; *Sayles* v. *Peters*,

11 Cal. App. (2d) 401, 404 [54 Pac. (2d) 94]; *Pascoe* v. *Payne,* 124 Cal. App. 528 [12 Pac. (2d) 1091].) '' The judgment should be joint and several. From the forms and the language used in this particular case, in the absence of the conjunction ''and'', we cannot say that the jury intended to return a verdict directing the driver to pay $2,500, and then under the subrogation clause of section 402 (d) of the Vehicle Code, also direct the driver to pay to the owner the $2,500 assessed against the owner.

Petitioner relies upon *Garrison* v. *Williams,* 128 Cal. App. 598 [17 Pac. (2d) 1072]. In that case one verdict for $15,000 was returned against the driver and owner. No special order to enter any particular judgment was given to the clerk. To conform to the verdict, the judgment was entered in favor of the plaintiff for that amount. After the appeal had been taken, the trial court made a *nunc pro tunc* order amending the judgment. On appeal, at page 603, the court said: '' . . . nor did appellants object to the form or amount of the verdict, nor did they file a motion for a new trial, nor in any manner call the attention of the court to the excessive nature of the verdict''. Thereupon the verdict was adjusted on appeal to the sum of $5,000 against the owner in conformity with the statute. In its opinion, the court remarked that the entry of the judgment was not a clerical error. In this we are agreed—it was a joint and several judgment. In the present case a several judgment was entered against each defendant. In the Garrison case the verdict and the total judgment were the same. The verdict conformed to the judgment. In the present case the verdict was for $2,500, and the judgments in effect amounted to a total of $5,000.

If this *nunc pro tunc* order, necessitated as the result of an error in the entry of the judgment (*Carter* v. *J. W. Silver Trucking Co.,* 4 Cal. (2d) 198 [47 Pac. (2d) 733]), has a lawful and relevant effect, it should not be disturbed. It is incumbent upon the petitioner to show affirmatively ''that the trial court's interpretation is erroneous''. (*Snodgrass* v. *Hand, supra,*) We agree with that part of the decision in *Bradford* v. *Brock,* 140 Cal. App. 47, 50, 51 [34 Pac. (2d) 1048], reading as follows: ''The jury returned a verdict as follows: 'We the jury in the above entitled action, find for the plaintiffs and assess the damages at $2,500 against Paul

M. Brock, and $2,500 against Schwabacher-Frey Stationery Company.' Judgment thereon was entered for plaintiffs for $2,500 as against Brock and $2,500 as against the stationery company, being a several judgment on which plaintiffs could legally collect a total of $5,000. The court should have construed the verdict as being for a total sum of $2,500 against both defendants and, if otherwise satisfied with the correctness, should have entered judgment to that effect. . . . The reason for the rule is obvious. If the detriment to plaintiffs caused by the operator of the car is found by the jury to be $2,500, they should not be permitted to collect that sum from him and then go to the owner or employer, whose liability arises out of his relationship to the car or its operator, and not out of an independent act, and collect a further like sum, thereby obtaining double the amount to which plaintiffs are entitled under the jury's decision.''

From the record presented, and the decision in *Phipps* v. *Patterson, supra,* we cannot say that the trial court erred in the construction given the judgment.

The petition is denied.

Tyler, P. J., and Knight, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 19, 1939.