[Civ. No. 16309. First Dist., Div. One. Aug. 15, 1955.]

HARBOR INSURANCE COMPANY (a Corporation), Plaintiff and Appellant, v. OTTO A. PAULSON, Defendant and Appellant.

Harold C. Brown for Plaintiff and Appellant.

Gibson, Dunn & Crutcher, Sherman Welpton, Jr., Leslie G. Turner, Keith, Creede & Sedgwick and Wallace E. Sedgwick as Amici Curiae on behalf of Plaintiff and Appellant.

Carroll, Davis & Burdick for Defendant and Appellant.

BRAY, J.—In an action for declaratory relief, both parties appeal upon an agreed statement. Plaintiff and cross-defendant appeals from the judgment against it in the sum of $11,371.37. Defendant and cross-complainant appeals claiming the judgment in his favor should have been for $16,371.27.

## Questions Presented

1. Did the public liability policy cover a vendee of an automobile sold him by the insured where the formalities for transfer of ownership required by the Vehicle Code were not complied with?

2. Was the Fronce judgment res judicata of this question?

3. If so covered, is plaintiff entitled to a $5,000 credit on the Fronce judgment?

## Facts

The action was tried upon an agreed statement. J. W. Alen individually and the Alen Motors Company* held a policy of public liability insurance issued by plaintiff. The automobile in question was purchased by Alen from sellers who failed to execute the California Department of Motor Vehicles ownership certificate and Alen at no time obtained such. Thereafter and while the policy was in force, Alen sold and delivered said automobile to one Fronce. The purchase price was paid in full. At no time did any of the parties to the sale complete the formalities required for the transfer of ownership as required by the Vehicle Code. Fronce while driving said automobile collided with defendant, a pedestrian, injuring him. Defendant sued Fronce for damages for said injuries. In said action defendant sought to enforce against Alen the statutory liability of $5,000 provided by section 402, Vehicle Code (car being driven with permission of owner). Defendant recovered judgment against Fronce in the sum of $16,371.27 and against Alen in the sum of $5,000. The judgments, *by their terms*, did not provide for set-off or credit

---

*Herein jointly referred to as ''Alen.''

of the $5,000 on the larger amount. No appeal was taken and the judgments became final. Plaintiff paid defendant the $5,000 plus $314.68 costs. No other sums have been paid.

## Contentions of Parties

Defendant contends that Fronce was an additional insured under the omnibus clause of the policy issued to Alen by plaintiff and was driving with Alen's permission. Plaintiff contends that an outright sale of the automobile had been made to Fronce; that he was not driving with Alen's permission; that Fronce was not covered under the policy, and that at most, plaintiff was only liable for Alen's $5,000 statutory liability, which sum it paid.

### 1. *Policy Liability.*

The provisions of the policy applicable here follow: "The Definition of Insured Agreement of the policy is amended to read as follows: The unqualified word 'insured' includes the named insured and also includes . . . (2) any person while using an automobile covered by this endorsement, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission." Thus, under the policy, the question is whether at the time of the accident Alen was the owner of the automobile and Fronce was driving with Alen's permission, express or implied. It should be borne in mind that plaintiff in paying the $5,000 judgment against Alen in the Fronce suit practically conceded Alen's ownership of the car as that statutory liability only exists against an *owner.* Plaintiff is in the rather inconsistent position of admitting Alen's ownership then and denying it now. Plaintiff's liability for payment of Alen's statutory liability (assuming ownership in Alen) comes under provision A of the policy. Its liability for the judgment against Fronce depends upon whether Fronce is an additional insured under omnibus clause B (above quoted), that is, whether "the actual use of the automobile is by the named insured or *with his permission.*" (Emphasis added.)

While the rule seems to be different in other states (see 36 A.L.R.2d 673; 5 Am.Jur. 806), California has laid down the rule that until the formalities required by the Vehicle Code are met, the vendor of an automobile under a conditional sales agreement for purposes of omnibus coverage in a policy of public liability insurance issued to the vendor is still the owner and the vendee is driving with his per-

mission. In *Sly* v. *American Indem. Co.*, 127 Cal.App. 202 [15 P.2d 522], an automobile dealer sold under conditional sales contract an automobile to one Krause, title to remain in seller until full payment made. Possession was given the buyer. A policy of public liability insurance was issued covering both buyer and seller. A Division of Motor Vehicles certificate of registration was obtained showing the seller to be the legal owner and the buyer to be the registered owner. The buyer exchanged the automobile with one Mills for a motorcycle. No change of the registry of the automobile was made. About nine days later, while driving the automobile, Mills collided with the plaintiff, injuring her. She recovered a judgment against Mills for damages for her injuries. She thereupon sued the insurer in the above-mentioned policy to enforce collection of that judgment. The insurer defended, contending that prior to the accident the insured had transferred his interest in the automobile to Mills and therefore Mills was not covered by the policy. The court held the insurer liable on two grounds (1) (not applicable here) that under the evidence the exchange had not been completed (aside from the effect of failure to register the transfer) and (2) (applicable here) that if the evidence showed that the court's finding of no transfer was erroneous and that transfer had actually *occurred,* the policy would still cover the transferee. The court said (p. 208) : "It is true that possession of the automobile was transferred to Mills, who was operating the machine at the time respondent was injured. But it is expressly stated in the policy of insurance that insurance provided by the liability peril clause is so extended as to be available to any person lawfully operating the insured automobile provided such operation is with the permission of the assured named in the policy. There can be no doubt that the operation of the automobile at the time respondent was injured was with the permission of the assured." The court also pointed out the rule to be considered in construing the policy (p. 208) : "This third person, when he has sustained injuries, although, after he has obtained a judgment against the assured, he stands in the position of the assured and can recover from the insurer only if the terms of the policy permit recovery, is entitled to insist upon having the policy construed most strictly against the insurer."

In *Votaw* v. *Farmers Auto. Inter-Ins. Exchange*, 15 Cal. 2d 24 [97 P.2d 958, 126 A.L.R. 538], the plaintiff as the

owner of an automobile held a policy of public liability insurance on which a rider provided that the policy inured to the benefit of any person legally operating the automobile with the plaintiff's permission. The plaintiff sold the automobile to one Kin on an oral contract of conditional sale, the plaintiff retaining both the certificate of ownership and the certificate of registration. Kin, in operating the automobile, caused injuries to one Bunch. Bunch recovered a judgment for damages for said injuries against both Kin and the plaintiff, it being held in that action that plaintiff as the owner of the automobile was liable for the statutory amount provided in section 1714¼, Civil Code (now Veh. Code, § 402). The plaintiff then paid the amount of the judgment against him and sued the insurer on the policy. In holding the insurer liable for the liability imposed by reason of ownership of the car and its being driven with the permission of the owner, the court said: "There can be no doubt that at the time of the accident the automobile in question was being operated by Kin with the consent of the plaintiff." (P. 27.) While the Votaw case dealt with a conditional sale and our case deals with an attempted absolute sale, the decision in the Votaw case is important in that it is contrary to the rule that an omnibus clause in an insurance policy does not cover a conditional sale vendee established in other states, including the following cases cited by defendant and amici curiae: *Fagg* v. *Massachusetts Bonding & Ins. Co.* (1933), 142 Ore. 358 [19 P.2d 413] (full purchase price of automobile paid); *Virginia Auto. Mut. Ins. Co.* v. *Brillhart* (1948), 187 Va. 336 [46 S.E.2d 377] (full purchase price of automobile paid); *Farm Bureau Mut. Ins. Co.* v. *Emmons* (1952), 122 Ind.App. 440 [104 N.E.2d 413] (conditional sale buyer in default); *Whitney* v. *Employers' Indem. Corp.* (1925), 200 Iowa 25 [202 N.W. 236, 41 A.L.R. 495] (conditional sale); *Home Indem. Co.* v. *Bowers* (1952), 194 Tenn. 560 [253 S.W.2d 750] (conditional sale).

In *Traders etc. Ins. Co.* v. *Pacific Emp. Ins. Co.*, 130 Cal. App.2d 158, 162 [278 P.2d 493], the court said: "But the rule is now well settled that a conditional vendor is considered the owner of a vehicle and the conditional vendee is held to be the operator with permission of the owner, where the vendor delivers possession to the vendee and fails to comply with section 177 with reference to giving notice of the transfer prior to the occurrence of the accident." This rule has been established in this state even though section 66,

Vehicle Code, in defining "owner" includes "the person entitled to the possession of a vehicle as the purchaser under a conditional sale contract . . ." ■ Nor is the rule affected by the fact that as between the vendor and vendee (where the purchase price is paid in full and the requirements of the Vehicle Code have not been met) the vendor may not assert any right, title or interest in the automobile. For the rights of the parties as between themselves see *Willard H. George, Ltd.* v. *Barnett* (1944), 65 Cal.App.2d Supp. 828, 832 [150 P.2d 591]; *Henry* v. *General Forming, Ltd.*, 33 Cal.2d 223, 226 [200 P.2d 785]; *Kenny* v. *Christianson* (1927), 200 Cal. 419 [253 P. 715, 50 A.L.R. 1297]; *Boles* v. *Stiles*, 188 Cal. 304 [204 P. 848].

We find nothing to the contrary of our ruling in *Norris* v. *Pacific Indem. Co.*, 39 Cal.2d 420 [247 P.2d 1], which held that an insurance policy covering any person driving with the consent of the owner did not extend to a person given permission to drive by the owner's son who had been given permission to drive but who had expressly been instructed to allow no one else to drive.

■ The result of the failure of a vendor in this state to meet the requirements of the Vehicle Code is that, while as between him and his vendee, the latter becomes the owner of the vehicle, as to third parties who are injured by the vehicle still registered to him as owner, the vendor remains the owner and the vendee is using the vehicle with his permission. While this may seem an artificial rule, and is contrary to that of most states, nevertheless the vendor has it in his power to fully protect himself by the very simple expedient of complying with the law. Section 177 makes it his duty, upon a sale or transfer and delivery of possession, *immediately* to send the department the notice required by that section.

Section 402, Vehicle Code, provides that if a motor vehicle is sold under a conditional sales contract, title remaining in the vendor, the vendor shall not be deemed to be the owner within the provisions of that section providing a statutory liability upon the owner for negligence by a person driving the vehicle with permission of the owner, but the vendee is deemed to be the owner. In *Helmuth* v. *Frame*, 46 Cal.App.2d 372 [115 P.2d 846], it was held that this provision applied only if the vendor strictly complied with the transfer requirements provided in section 177, Vehicle Code. There the vendor failed to so comply, and it was held subject to the statutory liability as owner. We can see no reason why, if a

conditional vendor who fails to comply with the transfer requirements is held to still be the owner, a vendor who attempts an absolute sale but likewise fails to comply, should not be considered the owner. See *Bunch* v. *Kin,* 2 Cal.App.2d 81 [37 P.2d 744], where the contention was made that the effect of the failure to comply with the transfer requirements did not apply to conditional sales but only to absolute sales, and where the court, in effect, held that they applied to both.

When Alen originally purchased the automobile it failed to get from the then owners the ownership certificate required by the Department of Motor Vehicles. It is now contended that for that reason Alen never became the owner of the car. Certainly, as between the original vendors and Alen, the latter became the owner of the car. In selling to Fronce Alen exercised all the rights of ownership. So far as the policy of insurance is concerned, the moment Alen purchased the car, Alen became its owner, even if Alen never obtained any indicia of ownership. There is no requirement in the policy that the insurer's liability under the policy be restricted to automobiles as to which Alen had complied with the Motor Vehicle Department's requirements. Alen was the true owner. "It has also been held that the true owner, although he may not be registered as such in the records of the vehicle department, may be liable in damages upon the theory of permissive use. The true owner should not escape liability imposed upon him in that capacity simply because he has inadvertently neglected or deliberately failed to comply with the registration provisions of the Vehicle Code." (*Helmuth* v. *Frame, supra,* 46 Cal.App.2d at p. 377.) It is there said: ". . . the code provisions were not enacted for the benefit of those who fail to obey the law." (P. 377.) See *Schmidt* v. *C.I.T. Corp.,* 14 Cal.App.2d 92 [57 P.2d 1016], to the same effect.

Thus, the determination that for liability purposes Alen was still the owner of the automobile, that Fronce was driving with Alen's permission and that Fronce was an additional insured under the omnibus clause of the policy, was correct.

2. *Res Judicata.*

The judgment in the action of *Paulson* v. *Fronce* and Alen determined, in effect, that Alen was the owner of the automobile and Fronce was driving with Alen's permission, and is res judicata of that issue as between those parties.

Plaintiff here, however, was not a party to that action. Nor was the issue of ownership identical with that issue here. There the question was ownership as determined by the Vehicle Code. Here, while that question is included, the additional question of ownership under the terms of the insurance policy appears. ■ In order that res judicata may apply, the parties and the issues must be identical. (Code Civ. Proc., § 1908, subd. 2; § 1910; *Burtnett* v. *King,* 33 Cal.2d 805 [205 P.2d 657, 12 A.L.R.2d 333].)

### 3. *Amount of Judgment.*

■ In the action of Paulson (defendant here) against Fronce and Alen, there were two verdicts in favor of Paulson, one for $16,371.27 against Fronce alone, the other for $5,000 against Alen alone. Judgments were entered to the same effect. No appeal was taken from either judgment. Plaintiff paid the $5,000 judgment and it has been satisfied of record. In our case, in granting Paulson judgment against plaintiff the trial court assumed that the $16,371.27 judgment against Fronce included the $5,000 judgment against Alen and therefore credited the latter amount against the former amount, giving Paulson judgment for only $11,371.37. On appeals from judgments of the type involved here it has frequently been held that in an action against the person responsible for negligently driving an automobile and against the owner for the $5,000 statutory liability, it is improper to have separate verdicts, but that there should be but one verdict for a single sum against all defendants jointly liable and that any statutory limitation of liability applicable to any defendant should be incorporated in the judgment entered on the verdict. (*Aynes* v. *Winans,* 33 Cal.2d 206 [200 P.2d 533].) See *Lynch* v. *Birdwell,* 44 Cal.2d 839 [285 P.2d 919], distinguishing the situation there from that in the Aynes case, because in the former case section 352, Vehicle Code, was involved and not section 402, Vehicle Code, which was involved in the Aynes case, and is involved in ours.

"When both the operator and owner are joined as defendants, some confusion has been created because of the limited liability of a defendant owner. (*Snodgrass* v. *Hand,* 220 Cal. 446 [31 P.2d 198]; *Bradford* v. *Brock,* 140 Cal.App. 47, 50 [34 P.2d 1048].) Separate verdicts have caused as much confusion as a single verdict against both classes of defendants. (*Harveld* v. *Milani,* 1 Cal.App.2d 157, 160 [36 P.2d 393]; *Webster* v. *Harris,* 119 Cal.App. 46, 52 [6 P.2d 88].)

The foregoing cases suggest that the problem is to determine from the verdict or verdicts which are brought in what the jury had in mind as the total sum to be allowed. When the verdict is single as against both operator and owner, there can be no ambiguity on this subject. Ambiguity as to the total sum to be allowed is created only when there are separate verdicts as against the separate defendants. The cases clearly hold that when a single verdict is brought in against both classes of defendants, and such verdict by its terms fails to limit the liability of owner defendants to those amounts fixed by the statute (Civ. Code, § 1714¼), an appellate court may modify the judgment by reducing the same to the statutory limits as against owner defendants. (*Webster* v. *Harris, supra*; *Harveld* v. *Milani, supra*.)'' (*Milburn* v. *Foster*, 8 Cal.App.2d 478, 481 [47 P.2d 1106].)

In *Phipps* v. *Superior Court*, 32 Cal.App.2d 371 [89 P.2d 698], separate judgments were entered, each for $2,500. After the time for appeal had expired and no appeal taken, plaintiff moved the trial court to correct ''clerical mistakes'' in the two verdicts to change the amounts in each to $5,000 (a total of both). The order of denial of this motion was affirmed. (*Phipps* v. *Patterson*, 27 Cal.App.2d 545 [81 P.2d 437].) Subsequently defendants moved to have the judgment corrected to provide a joint and several judgment against both defendants in the sum of $5,000. This the trial court ordered. On appeal the court held this action proper because ''the clerk inadvertently entered a several judgment against each defendant, when in fact the verdict correctly construed is a joint and several judgment and should have been entered against both defendants.'' (P. 375.) Thus, it would appear that the trial court (in the original case) should have construed the judgment as a judgment against Fronce alone in the sum of $16,371.27 and a joint and several judgment against Alen and Fronce for $5,000, making a total recovery of only $16,371.27.

The situation here is different than in *Snodgrass* v. *Hand*, 220 Cal. 446 [31 P.2d 198], where the action of the trial court in determining that a verdict against the operator of a car in the sum of $5,000 and against the operator and the owner jointly in the sum of $5,000 meant an award of damages against the operator of the car in the sum of $10,000 for half of which sum the owner was to be jointly liable. In our case, each award was against the particular defendant solely. As, under the law, the award against the owner, in spite

of the form of the verdict, could only be an award against both defendants and as the jury indicated in its award against Fronce it limited the total recovery from him to $16,371.27, the award against Alen and Fronce jointly must be included in that figure rather than added to it. See *Bradford* v. *Brock*, 140 Cal.App. 47 [34 P.2d 1048], where in holding that a separate verdict for $2,500 against the operator of a car and a separate verdict against the owner for $2,500, meant a total joint and several verdict for $2,500 only, the court stated that the ruling in the Snodgrass case was not in conflict with its ruling, pointing out that in the Snodgrass case because the operator of the car was included in both verdicts the jury apparently intended to return a verdict against him for the total of the two verdicts. The court said (p. 51):
"If the detriment to plaintiffs caused by the operator of the car is found by the jury to be $2,500, they should not be permitted to collect that sum from him and then go to the owner or employer, whose liability arises out of his relationship to the car or its operator, and not out of any independent act, and collect a further like sum, thereby obtaining double the amount to which plaintiffs are entitled under the jury's decision."

In our case the jury found the detriment caused by the operator of the car to be $16,371.27 only. Of this sum defendant has received $5,000. He is now entitled only to the difference between those sums.

While it would have been much simpler to have determined the effect of these verdicts and the judgments rendered thereon upon appeal, nevertheless they must be construed in the light of the holding in *Phipps* v. *Superior Court, supra,* 32 Cal.App.2d 371, 376: "The general rule is that the liability of joint tort-feasors cannot be segregated, and that only one judgment can be entered against both (*Curtis* v. *San Pedro Transp. Co.,* 10 Cal.App.2d 547 [52 P.2d 528]), though the amount of recovery may, by statutory provision, be limited against certain tort-feasors . . .

"When a verdict is returned against the driver, and an amount is also assessed against the driver and owner, the verdict may be termed to be individual and joint."

(See also *Bradford* v. *Brock, supra,* 140 Cal.App. 47, where the court held that two several verdicts of $2,500 each did not permit a total judgment of $5,000.)

This the trial court did in its judgment from which

this appeal is taken. We find nothing in the record to justify disturbing that interpretation of the judgments.

Judgment affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.