FARM BUREAU MUTUAL INSURANCE COMPANY *v.*
EMMONS ET AL.

[No. 18,244.  Filed March 19, 1952.  Rehearing denied
May 16, 1952.]

*John Rabb Emison; Emison & Emison,* both of Vincennes, for appellant.

*James J. Lewis; Lewis & Funk,* both of Vincennes, for appellees.

ACHOR, J.—This was an action by appellees Robert Emmons, June Duncan, William E. White Jr., and Charlotte Ann White to recover benefits under an insurance policy issued by the appellant Farm Bureau Mutual Insurance Company of Indiana, Inc. to the appellee Louis Johnson. Verdict and judgment was for the above named appellees Emmons, Duncan, White and White.

According to the evidence most favorable to appellees, the facts in the case were as follows: On and prior to February 9, 1949, appellee Johnson owned a certain 1947 Mercury automobile upon which he carried the insurance policy in question. The policy, among other things contained the following provision:

> "Coverage C—Medical Payments. To pay to or for each person who sustains bodily injury, caused by accident, while in or upon, entering or alighting from (1) the automobile described in declarations, if the injury arises out of the use thereof by or with the permission of the named insured."

On this date, appellee Johnson sold said automobile to appellee Emmons on a conditional sales contract, by which Emmons agreed to make specified monthly payments and "to pay for full coverage insurance." Johnson delivered possession and control of the car to Emmons on said date pursuant to the contract. About two weeks thereafter, Emmons asked Gene Andis, agent for appellants, if he "was eligible to have Farm Bureau insurance," and "he (Andis) said he would eventually change or transfer it to a different company." Andis "said nothing about insurance in the

meantime" but to "let it ride." Emmons was to think it over and let him know. He did not advise Emmons that he was not covered or that he should immediately take out new insurance. He gave Emmons no time limit in which to let him know. On March 5, 1949 Emmons paid Johnson $50.00 for an insurance premium which, in turn, Johnson paid to appellant.

Prior to the collision on May 8, 1949, Emmons had made monthly payments to Johnson, but on two occasions had failed to pay the full amount due. The matter was discussed between Johnson and Emmons, but Emmons, by his own testimony, "stayed in *control*" of the car up to and including May 8, 1949. Appellees Duncan, White and White were riding with Emmons as his guests at the time of the collision. After the collision, Emmons notified Johnson. The car was repaired at appellant's expense, and in October, 1949, was delivered to Johnson by the repairman.

The assignment of error relied upon by appellant is that the court erred in overruling the appellant's motion for a new trial. The appellant assigned as ground for a new trial that the verdict of the jury was not sustained by sufficient evidence and was contrary to law.

The appellant also assigned as grounds for the new trial the refusal of the court to give instructions tendered by appellant, particularly instructions numbered 1, 3, 8, 9, 10, 11, 12, 13 and 14, the giving of appellees' instruction numbered 8, and the giving of the court's own instruction numbered 11.

The assignment of errors present three fundamental questions to be determined by this court as follows:

(1) Whether in the absence of any assignment or a rider upon the insurance policy itself, a person who has purchased an automobile under a conditional sales

contract is using the automobile with the "permission" of the conditional vendor within the meaning of the policy which expressly extends to persons using the automobile "with the permission of the named assured."

(2) Whether the fact of the default in payment by Emmons, and the fact that Johnson "permitted" Emmons thereafter to remain in possession and control of the automobile, brought Emmons and his guests within the omnibus clause of the policy.

(3) Was there conduct on the part of Andis, agent for appellant, which constituted a waiver or estoppel to deny liability on the part of the appellant as to the appellee Emmons and his guests?

The first question presented has not been passed upon by either the Supreme or Appellate Courts of this State. Therefore, a determination of the issue must rest upon the application of established principles of law and a consideration of the adjudicated cases of a few other jurisdictions. The insurance policy in question, which is standard in form, contains a clause which defines "insured" as a person using the automobile, "provided the actual use of the automobile is with the permission of the named insured." The specific question is whether, when Johnson sold the automobile to Emmons under a conditional sales contract, and Emmons took possession thereof under said contract, Johnson's possession and right to control the use of said auto ceased and passed to Emmons, and whether thereafter Emmons' possession and use of said auto was by virtue of his *ownership* rather than by virtue of any consent or "permission" of Johnson.

We cite with approval upon this issue the case of *Va. Auto Mut. Ins. Co.* v. *Brillhart* (1948), 187 Va. 336, 342, 343, 46 S. E. 2d 377, in which case the court stated as follows:

"The problem presented is one of coverage. . . . The question is whether the coverage afforded by the policy to Huffman (the conditional vendor) was extended or transferred to Owens (the vendee). If Owens was covered or protected by the policy, then Brillhart (a guest of Owens) was entitled to recover of the Insurance Company. On the other hand, if Owens was not so protected or covered, Brillhart's claim against the Insurance Company cannot be sustained.

"Brillhart insists that Owens was protected by the policy for two reasons:

"First, he says, under the 'omnibus coverage' provision of the policy, protection was afforded to any one who was using or driving the car 'with the permission of the named insured,' Huffman; that when Huffman sold the car to Owens and the latter took immediate possession of it, this constituted a 'permission' by Huffman to Owens to use the car, within the meaning of the above provision of the policy, and that hence its coverage was extended to Owens.

"(1)   Although the trial court took this view of the matter and sustained a recovery on that ground, it is not, in our opinion, sound.

"(2)   'Permission' or 'consent' to use or drive a car within the meaning of such a provision must come from someone who is in a position to give or grant it.   His relation to or control over the car must be such that he has a right to give or withhold the permission or consent to use it.

"As is said in 5 Am. Jur., Automobiles, section 535, p. 806, 'For one's use and operation of a car to be "with the express or implied consent" of the named insured, within the meaning and effect of the omnibus clause, the relation of the named assured to the car must be such that he or it is in a position to give consent.'   See also, 45 C. J. S., Insurance, section 829, pp. 900, 901, and cases there cited.

"In the case before us upon the sale of the car Owens, the vendee, took immediate possession of it. Huffman's possession of it, and his right to control its use, ceased and passed to Owens. And this was

so although Huffman retained a lien on the car for a part of the unpaid purchase price. After the consummation of the sale, Owens' use of the car was by virtue of his ownership of it and his right to control it, and not by virtue of the grant of any permission to him by Huffman. See *Fagg* v. *Massachusetts Bonding, etc., Co.*, 142 Or. 358, 19 P. (2d) 413; *Whitney* v. *Employers' Indemnity Corp.*, 200 Iowa 25, 202 N. W. 236, 41 A. L. R. 495."

The second question presented is whether, in the absence of any declaration of forfeiture or the retaking of possession by Johnson, by reason of the default in payment by Emmons under the conditional sales contract, possession by Emmons thereafter was only with the "permission" of Johnson, the "named assured," within the meaning of the policy of insurance. The law upon this issue has been stated as follows in 47 Am. Jur., pp. 106, 109, §§898, 899:

"Upon default by the vendee the vendor has an option to avoid the conditional sales contract or to waive the default. Forfeiture is not automatic upon default and does not result, in the absence of affirmative action on the part of the vendor. After default, and until exercise of the vendor's option to declare a forfeiture, the purchaser has the right to pay the purchase price and retain the property which he received under the contract. As a general rule, in the absence of a demand upon the vendee for the purchase price or for the property for non-payment thereof, the mere omission to pay the purchase money at maturity does not operate as a forfeiture of the vendee's rights or entitle the vendor to retake the property. . . ."

". . . The acceptance by the vendor of an installment of the purchase money after default is a recognition of the contract as still subsisting, and a waiver of the forfeiture. Repeated waivers of default by accepting delayed payments may lull the vendee into making late payments, relying on the expectation that they will be accepted as compliance with his contract. Such a course of conduct

will bar the vendor's right to assert a forfeiture for any payment not made at the time stipulated in the original contract unless prior thereto he has given notice to the vendee that he will hold him to the original terms and the vendee has had a reasonable opportunity to comply therewith. . . ." See also 59 A. L. R., 131, 142.

We conclude, therefore, that because of the default in payment, Johnson's right to or power over the automobile, was limited to the retaking of its possession and control after demand. In the absence of such a retaking, the fact of Emmons' default in payment was immaterial as affecting the rights of Emmons under the policy of insurance.

As to the issue of waiver or estoppel, which is the final question for determination in the case, without affirming the sufficiency of the pleadings upon this issue, we find no evidence in the record which supports a waiver of the provisions of the policy regarding assignment or an estoppel on the part of appellant to deny such an assignment. The policy contained the following provisions regarding assignment: "Assignment of interest under this policy shall not bind the Company until its consent is endorsed hereon."

The only facts in evidence, which appellees contend constituted a waiver or estoppel, are as follows: Appellant's agent knew of the sale of the car to Emmons under the conditional sales contract, and that Emmons had taken possession of it; that appellant did nothing to void the policy but told Emmons to let it ride and accepted payment of a premium thereafter. However, the fact remains that Johnson retained the legal title to the car and an interest therein, for which Emmons contracted "to pay full coverage insurance." Upon inquiry of Emmons, appellant's agent's only statement or advice to Emmons was that he "would eventually

change or transfer the insurance to another company—to let the existing insurance ride, to make up his mind and let him know." There was no representation that Emmons was insured in the meantime. The appellant had no knowledge that the insurance premium was paid by Emmons to Johnson. It was paid to appellant by Johnson, who was the named insured in the policy.

There is no evidence that appellant's agent in any way waived the requirement of the policy regarding assignment, or that he in any way misled Emmons into the belief that the insurance at any time gave protection to any person other than Johnson, who was the named assured in the policy.

Judgment is therefore reversed, and the trial court is instructed to grant a new trial and further proceedings consistent with this opinion.

NOTE.—Reported in 104 N. E. 2d 413.