Charles Edward **RIEHL**, Plaintiff-Appellee,

v.

**NATIONAL MUTUAL INSURANCE COMPANY**, Defendant-Appellant.

Gertrude **RIEHL**, Plaintiff-Appellee,

v.

**NATIONAL MUTUAL INSURANCE COMPANY**, Defendant-Appellant.

Nos. 15800, 15801.

United States Court of Appeals Seventh Circuit.

Feb. 14, 1967.

Oscar C. Strom, Angelo A. Buoscio, Gary, Ind., Strom & Whitted, Gary, Ind., of counsel, for appellant.

William I. Marlatt, Gary, Ind., Richard S. Kaplan, Gary, Ind., of counsel, for appellee.

Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.

CASTLE, Circuit Judge.

In separate actions, consolidated for trial in the District Court, each of the plaintiffs-appellees, Charles Edward and Gertrude Riehl, recovered a money judgment against National Mutual Insurance Company on a complaint asserting liability of the defendant insurance company[1] to the plaintiff upon a liability insurance policy issued by the defendant company. The recovery sought and awarded in each action, which was tried to the court without a jury, was in the amount of an unsatisfied judgment, plus interest and costs thereon, which the individual plaintiff had recovered against Leo Lawson, Jr. for personal injuries sustained in a collision involving an automobile driven by Lawson and one which Charles Edward Riehl was driving and in which Gertrude Riehl, his wife, was a passenger. The defendant-appellant, National Mutual Insurance Company, prosecutes an appeal from the judgment order entered against it in each of the actions.

The complaint filed in each of the actions is identical except for the name of the individual plaintiff, the nature of the damages sustained as a result of the collision, the amount of the unsatisfied judgment and of the recovery sought, and the identifying number, etc., of the action against Lawson in which the judgment was recovered. Each of the complaints alleged, among other things, that at the time of the collision in which the plaintiff was injured the automobile driven by Lawson was the subject of a motor vehicle liability insurance policy issued by the defendant company; that the policy provided bodily injury liability coverage; that it provided that the word "insured" included any person using the automobile with the permission of the named insured, David L. Cubberly; and that at the time of the collision Lawson was using the automobile with the permission of the owner, David L. Cubberly.

The answer filed by the defendant in each of the actions is identical. Each answer contains a denial of the allegation that at the time of the collision Lawson was using the automobile with the permission of the owner, David L. Cubberly, and contains further denials that any policy such as alleged or described in the complaint was in force or effect on the date of the collision involved.

The District Court, following trial of the issues, filed a memorandum opinion

1. State Farm Mutual Insurance Company was an additional defendant named in each of the actions. The actions were originally filed in an Indiana state court. A petition for removal to the District Court on the ground of diversity of citizenship was filed in each action by State Farm Mutual. Thereafter, and prior to trial, each action was dismissed as to State Farm Mutual on its motion.

containing its findings of fact and conclusions of law, and entered the judgments from which defendant appeals.

The District Court found and concluded, in substance, that on the date of the collision in which the Riehls were injured, November 11, 1961, the automobile driven by Lawson was the subject of a motor vehicle liability insurance policy originally issued by the defendant on June 29, 1960, to David L. Cubberly upon a DeSoto automobile for the period of July 15, 1960 to January 15, 1961, which policy had been transferred to the Rambler automobile subsequently acquired by Cubberly (the vehicle being driven by Lawson at the time of the collision) and kept in force and effect by the payment of renewal premiums for successive six-month periods, including the period from July 15, 1961 to January 15, 1962; that the policy provided bodily injury liability coverage and contained an omnibus clause extending such coverage to "any other person using such automobile, providing the actual use thereof is with the permission of the named insured"; that Cubberly was the owner of the automobile on November 11, 1961, and had remained so during any relevant prior period; and that at the time of the collision Lawson was using the automobile with the permission of Cubberly, the owner and named insured.

Except for the defendant's additional contention made in Appeal No. 15801, that the judgment awarded to Gertrude Riehl is void for lack of jurisdiction of the District Court over the subject matter of her action against the defendant, the issues involved and the various contentions advanced by the defendant in both appeals are the same, and they center on the question of whether the District Court's finding and conclusion that David L. Cubberly remained the owner of the Rambler automobile subsequent to July 13, 1961, and was such owner on the date of the collision, is supported by the evidence or reasonable inferences which may be drawn therefrom, and represents the application of correct legal criteria.

The issue with respect to the District Court's jurisdiction in the action involved in Appeal No. 15801, and which was first raised after the case was here on appeal, will be considered first. In this connection the record before us discloses that after Charles Edward Riehl's state court action against the defendant was removed to the District Court by the filing of a petition for removal pursuant to 28 U.S. C.A. § 1446 on grounds of diversity of citizenship, State Farm Mutual Insurance Company, at that time an additional defendant in both actions, on October 14, 1963, filed a petition for the like removal of Gertrude Riehl's state court action against the defendants. This petition clearly identifies and describes the action sought to be removed, contains all requisite allegations and recitals, and is accompanied by the required bond. But the petition did not have attached thereto, nor was there presented and filed therewith, a copy of the complaint filed in the state court action brought by Gertrude Riehl against the defendant. In this respect there is a departure from one of the directives contained in § 1446(a) which specifies the items to be filed in the district court in connection with the removal of a state court action to the district court.

The defendant contends that the District Court did not acquire jurisdiction of Gertrude Riehl's action because no complaint was filed in the District Court [2] and that Rule 3 of the Federal Rules of Civil Procedure [3] makes the filing of a complaint a prerequisite to the com-

---

2. It was not until after the action was tried in the District Court and was in this Court on appeal that a copy of the complaint filed by Gertrude Riehl in the state court action was lodged with this Court as a part of the record. The complaint is contained in a transcript of the state court record in the Gertrude Riehl action which was filed in the District Court on November 8, 1966, and transmitted to this Court as supplemental record pursuant to an order entered in Appeal No. 15801 on December 14, 1966.

3. Rule 3 provides: "A civil action is commenced by filing a complaint with the court."

mencement of a civil action in the District Court. But, in our opinion, there are factors overlooked by the defendant which make its contention wholly unpersuasive on the facts and circumstances presented by the record.

■ Defendant's reliance upon Rule 3 is misplaced. The action here involved was commenced by the filing of the complaint in the state court. We are not here concerned with the "commencement" of an action. We are concerned only with its "removal". The state court action was by reason of diversity and amount involved of a class with respect to which the District Court possesses original jurisdiction. It was subject to removal. Moreover, insofar as "removed" actions are concerned the Federal Rules of Civil Procedure are designed to "govern procedure after removal". Rule 81(c), Federal Rules of Civil Procedure. Thus, Rule 3 is wholly irrelevant.

■ The directive of § 1446(a) that "a copy of all process, pleadings and orders" served upon him in the state court action be lodged in the district court by the party removing the action is obviously intended to provide the district court with the record materials necessary to enable the court and the litigants to delineate the issues to be tried. In this connection it is to be noted that § 1446(e) which provides that "a copy of the petition" be filed with the clerk of the state court omits a like reference to the "process, pleadings and orders" etc. We think the omission deliberate. No purpose would be served by the filing of copies in the state court. The process, pleadings and orders in the cause are already there. And by express provision it is the compliance with § 1446(e) "which shall effect the removal".

■ The omitted complaint is substantially identical with the complaint in the companion Charles Edward Riehl action, and there was actual identity of issues in the consolidated trial of the two actions. In this context the omission was but a minor irregularity of no consequence. The basic purpose of the § 1446(a) directive was neither frustrated nor unfulfilled. To permit this minor irregularity to defeat the District Court's jurisdiction would be to elevate form over substance. We conclude that the District Court did acquire jurisdiction over the subject matter of Gertrude Riehl's action against the defendant.

We turn to consideration of the issues affecting the merits.

■ The District Court found and concluded that at the time of the collision in which the Riehls were injured Lawson was using the Rambler automobile driven by him as a permittee of Cubberly and was covered as an additional insured under the omnibus clause of the policy issued by the defendant. We have examined the record from the standpoint of the contentions advanced and the authorities cited and relied upon by the defendant. And we are of the opinion that the defendant has failed to demonstrate that any factual finding reflected in the statement of facts appearing in the court's memorandum opinion is clearly erroneous or that the court's conclusions are contrary to the applicable law.

The principal contention of the defendant is that on July 13, 1961, Cubberly either parted with the ownership of the Rambler automobile, or otherwise altered his relationship to the automobile insofar as his legal rights both to possession of and to exercise control over the vehicle are concerned, and that as a consequence he thereafter no longer occupied the owner-insured status requisite to the giving or withholding of "permission" to another to use the vehicle, and that Lawson's use of the Rambler at the time of the collision was by virtue of his own right rather than through permission granted by the named insured of the policy upon which suit was brought by the plaintiffs. The defendant argues that this change in the status or position of Cubberly with respect to his relationship to the Rambler automobile resulted from an agreement or arrangement entered into between Cubberly and Lawson.

In this connection the record discloses that in June of 1961 Cubberly was employed only four days a week, had de-

faulted on two payments to the finance company through which he had financed his acquisition of the Rambler automobile, and had advertised his willingness to sell the vehicle to anyone who would take over the payments. Lawson responded to this advertisement. He wanted the automobile, but the finance company would not accept his credit in lieu of Cubberly's obligation to make the future monthly installment payments on the loan. Lawson tried to get other financing but without success. He suggested to Cubberly that he thought he could get a relative to loan him the money if given time, or that perhaps after he had made some payments he could get the balance re-financed and pay off the finance company holding the loan. Lawson stated his willingness to pay up the delinquent installments, make the regular payments, and also pay taxes, insurance and license fees when due. Cubberly agreed to the proposal, and on June 13, 1961, Lawson and Cubberly executed a document which recited:

> "I agree to pay David L. Cubberly the sum of $2428.20 at $80.94 a month on the 24th day of each month, for one 1960 Rambler Wagon. I agree to buy the insurance and the plates and pay the taxes on said car. If at any time Mr. Leo Lawson wishes to transfer the car into his name, he may do so."

In the instrument the word "Seller" appears before the signature of Cubberly, and the word "Buyer" before the signature of Lawson. At or about the same time this document was executed, Cubberly gave Lawson a written statement over Cubberly's signature which in substance stated:

> "I hereby give Leo Lawson, Jr. permission to use my 1960 Rambler Wagon."

Lawson took possession of the automobile and drove it until the November 11, 1961, collision. During the interim Lawson furnished Cubberly with money orders payable to the finance company and to the defendant for the purpose of Cubberly's making the payments on the automobile loan and paying the premium on the insurance policy. The certificate of title and the license plates remained in Cubberly's name. It was understood that Cubberly would remit the insurance premiums to the defendant because "it was still his automobile, that he [Cubberly] wanted to make sure the insurance was kept up". It was further understood that the Indiana license plates issued in Cubberly's name were to remain on the automobile, and the certificate of title to the vehicle was to remain in Cubberly's name until Lawson could either borrow the money to pay off Cubberly's obligation to the finance company or refinance that obligation so as to make it Lawson's own. After Lawson took possession of the automobile he replied to subsequent inquiries by Cubberly as to when he was going to get it "financed" with statements that he was going to get the money from his mother and "I'm working on her. I've got to work her up to get the money". Cubberly testified, "I insisted that my insurance on the car remain in effect until he [Lawson] paid for the car and obtained the title".

The District Court found that the oral testimony of all of the parties to the June 13, 1961, transaction made it abundantly clear that by the document executed the parties meant and understood only that Lawson could have the car transferred into his name at any time that he paid the balance due the finance company, and that considering all of the facts and circumstances presented it is clear that it was the intention of the parties that the ownership of the Rambler automobile should not pass until such time as the balance due the finance company on Cubberly's note was completely paid. The record supports these findings.

And we perceive no error of law in the court's conclusions that at the time of the collision Cubberly was the owner of the automobile, had an insurable interest therein, and had not divested himself of authority to grant permission to another to use the vehicle, and that Lawson was using the vehicle by virtue of permission of the owner-insured

rather than in his own right as its owner, as a lessee with an option to purchase, or as a conditional vendee under a conditional sale contract, as is contended by the defendant. Here Cubberly retained all the indicia and incidents of ownership except that use of the vehicle which he had given to Lawson, and the executory nature of the arrangements serves to distinguish it from Farm Bureau Mut. Ins. Co. of Indiana, Inc. v. Emmons, 122 Ind.App. 440, 104 N.E.2d 413; Royal Indemnity Ins. Co. v. Shue, 134 Ind.App. 322, 182 N.E.2d 796; Virginia Auto Mut. Ins. Co. v. Brillhart, 187 Va. 336, 46 S.E.2d 377, and similar cases relied upon by the defendant. Cubberly's retained right of control of the automobile, which is inconsistent with a transfer of the absolute or general property therein, is further evidenced by the written permission for its use he furnished to Lawson.

The omnibus clause here under consideration contains no restriction limiting its application to a permissive use where no compensation or other element of consideration to the named insured is involved.

■ Moreover, the law of Indiana is here governing, and Indiana follows a liberal or broad approach in the construction of omnibus clauses in automobile insurance policies. State Farm Mutual Automobile Insurance Company v. Automobile Underwriters, Inc., 7 Cir., 371 F.2d 999; Arnold v. State Farm Mutual Automobile Ins. Co., 7 Cir., 260 F.2d 161, and cases cited therein.

We have considered certain additional but subsidiary contentions the defendant makes, and the cases cited and relied upon by the defendant in connection therewith, but we are of the view that none of them merit an extension of this opinion for the purpose of discussing the same.

The judgment orders appealed from are affirmed.

Affirmed.