## ILLINOIS FARMERS INSURANCE COMPANY

v.

## Steven T. LAUGHLIN, Jennifer Brattain and David Brattain.

### No. IP 86–322–C.

United States District Court, S.D. Indiana, Indianapolis Division.

June 11, 1987.

---

John T. Lorenz, Kightlinger & Gray, Indianapolis, Ind., for plaintiff.

Max D. Rynearson, Rynearson & Associates, Indianapolis, Ind., for defendants.

Steven T. Laughlin, pro se.

---

ORDER

STECKLER, District Judge.

This matter is before the Court upon the plaintiff's motion for summary judgment pursuant to Fed.R.Civ.P. 56. This rule states, in part, that:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). In ruling on a summary judgment motion, the district court must examine the evidence in the light most favorable to the nonmoving party by drawing all reasonable inferences in favor of that party. *See United States Shoe Corp. v. Hackett*, 793 F.2d 161, 166 (7th Cir.1986); *Black v. Henry Pratt Co.*, 778 F.2d 1278, 1281 (7th Cir.1985). In order to avoid summary judgment, however, the nonmoving party must respond by affidavits or otherwise "set forth specific facts showing that there is a genuine issue for trial." Fed.R. Civ.P. 56(e). *See also* S.D.Ind. Local Rule 11. None of the defendants in this case has responded to the plaintiff's motion for summary judgment. The Court, having examined the motion and the memorandum of law, now finds that there is no genuine issue as to any material fact and that the plaintiff is entitled to judgment as a matter of law. The Court now enters the following findings of fact and conclusions of law.

**Findings of Fact**

1. Plaintiff, Illinois Farmers Insurance Company (Illinois Farmers), is an insurance company organized under the laws of the State of Illinois, with its principal place of business in that state.

2. Defendants, Steven T. Laughlin, Jennifer Brattain and David Brattain, are citizens and residents of the State of Indiana.

3. The amount in controversy exceeds the sum of Ten Thousand Dollars ($10,-000.00), exclusive of interest and costs.

4. Jurisdiction of the Court is predicated upon 28 U.S.C. § 1332.

5. On or about October 4, 1985, in the City of Indianapolis, County of Marion, Indiana, a motor vehicle operated by defendant, Jennifer Brattain, was struck by a motor vehicle owned by Gregory Laughlin, Illinois Farmers' named insured, which was operated by defendant Steven T. Laughlin.

6. On October 22, 1985, defendants Jennifer Brattain and David Brattain filed suit in the Superior Court of Marion County, Cause No. S785–1338, against defendant Steven T. Laughlin, and against Gregory Laughlin.

7. On or about July 7, 1985, Illinois Farmers issued a policy of insurance, Policy No. 36–10727–16–45, to Gregory Laughlin, the father of defendant Steven T. Laughlin.

8. The aforesaid policy issued by Illinois Farmers to Gregory Laughlin contains the following relevant provisions:

Definition of Insured:

The unqualified word 'Insured' includes
(a) With respect to the described automobile
  (1) The named insured, and
  (2) Any other person while using such automobile and any other person or organization legally responsible for its use, provided the actual use of such automobile is by the named insured or with his permission.

9. Prior to October 4, 1985, defendant Steven T. Laughlin's driver's license was suspended.

10. Gregory Laughlin had denied permission to Steven T. Laughlin to operate Gregory Laughlin's vehicle for more than one year prior to the accident of October 4, 1985.

11. Defendant Steven T. Laughlin had secreted a set of keys to the vehicle, and he knew that he did not have Gregory Laughlin's permission to operate the vehicle on October 4, 1985.

### Conclusions of Law

Based on the foregoing findings of fact the Court now makes the following conclusions of law.

1. The Court has jurisdiction over the subject matter of this action. 28 U.S.C. § 1332.

2. At the time of the aforesaid motor vehicle accident, defendant Steven T. Laughlin was not a permissive user of the motor vehicle owned by Gregory Laughlin and insured by Illinois Farmers.

3. The automobile insurance policy, No. 36–10727–16–45, issued by plaintiff, Illinois Farmers Insurance Company, to Gregory Laughlin does not cover any liability of the defendant Steven T. Laughlin to defendants Jennifer Brattain and David Brattain as a result of the accident on October 4, 1985. *See Fowler v. Farm Bureau Insurance Co. of Indiana,* 137 Ind.App. 177, 209 N.E.2d 262 (1965).

4. Plaintiff, Illinois Farmers Insurance Company, has no duty to defend defendant Steven T. Laughlin in the suit filed by defendants Jennifer Brattain and David Brattain as a result of the accident of October 4, 1985. *Id.*

5. Plaintiff, Illinois Farmers Insurance Company, has no duty to pay any judgment which may be awarded to defendants Jennifer Brattain and David Brattain against defendant Steven T. Laughlin as a result of the accident of October 4, 1985. *Id.*

6. There is no genuine issue as to any material fact and the plaintiff is entitled to judgment as a matter of law.

Accordingly, by reason of the foregoing, the Court hereby

GRANTS plaintiff's motion for summary judgment.

IT IS SO ORDERED.