STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,

v.

Ronald L. LATHAM, Robert Bolin, Jeff Haynes, and Robert W. Snyder, Defendants.

No. NA 91–78C.

United States District Court, S.D. Indiana, Indianapolis Division.

March 25, 1992.

**184**

Samuel A. Day, Barbara W. Gernert, Wyatt, Tarrant, Combs & Orbison, New Albany, Ind., for plaintiff.

Charles M. Gabhart, Jeffersonville, Ind., for defendants.

BARKER, District Judge.

This matter comes before the Court on the plaintiff's motion for summary judgment on both counts of the plaintiff's complaint for declaratory judgment.

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") issued an automobile insurance policy, No. 573 5718–C11–14A ("the Policy") to Bobbie Jo Braswell prior to September 7, 1990. The Policy declarations listed as the scheduled vehicle a 1981 Ford Fairmont, vehicle identification No. 1FABP20BXBK177282. On September 7, 1990, Tanya Thompson, a friend of Braswell, operated the Ford Fairmont with Braswell's consent. Thompson had asked Braswell for permission to use the vehicle to drive to her apartment, pick up some clothing and return to the Braswell residence. Braswell agreed to this use by Thompson, as long as Thompson came straight back to Braswell's house with the vehicle. Thompson's apartment was approximately three or four miles from Braswell's residence, or about a five minute drive by automobile. (Deposition of Bobbie Jo Braswell, p. 13).

As Thompson drove to her nearby apartment on September 7, 1990, she digressed from the agreed upon route to give defendants Ronald L. Latham, Robert Bolin, Jeff Haynes and Robert Snyder a ride after being waved down and stopped by the group. Latham got in the front seat of the vehicle with Thompson driving, and Haynes and Bolin got in the backseat. Snyder initially declined to ride with the group, but changed his mind shortly thereafter and, indicating that he wished to go along, he got in the back seat of the Fairmont. Thompson then drove on to her apartment as she had intended.

When Thompson arrived at her apartment, she departed the vehicle, telling the defendants she was going into her apartment and would be back shortly. She turned off the engine and left the key to the Fairmont in the ignition. When Thompson came out of her apartment, the Fairmont was gone. She then went to a nearby house to make a phone call and was told that the Braswell vehicle had just been involved in a wreck several blocks away from Thompson's apartment.

At some point while Thompson was inside her apartment, Latham took the Fairmont and drove away from Thompson's apartment. Latham drove the vehicle into a tree a few blocks down the road. He was charged with theft of the Fairmont and pled guilty to this offense.

As a result of the accident, the Fairmont was a total loss, and defendants Latham, Bolin, Haynes and Snyder suffered personal injuries. Snyder inquired with State Farm regarding coverage for his injuries under the Policy.

State Farm notified Snyder and the other defendants in this matter of State Farm's reservation of rights to deny coverage under the Policy for injuries sustained in the accident of September 7, 1990. In addition, State Farm notified Latham individually of its reservation of rights to deny liability coverage to Latham under the Policy for the accident. Plaintiff filed its complaint for declaratory judgment to determine its

rights and obligations, if any, under the Policy. The motion for summary judgment followed shortly thereafter.

Plaintiff's motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he inquiry involved in a ruling on a motion for summary judgment ... necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Accordingly, "[t]he question here is whether a jury could reasonably find *either* that the plaintiff proved his case by the quality and quantity of evidence required by the governing law *or* that he did not." *Id.*, 477 U.S. at 254, 106 S.Ct. at 2513.

At issue in this matter is a determination of State Farm's obligations, if any, under the Policy. In Indiana, an insurance policy is a contract between the parties and in determining liability coverage under the policy, the law of contracts applies. The interpretation of the insurance policy is therefore primarily a question of law for the court. *Cincinnati Insurance Co. v. Moen*, 732 F.Supp. 949, 952 (N.D.Ind.1990). Further, a court cannot rewrite an insurance contract. If an insurance contract is clear and unambiguous, the language therein must be given its plain and ordinary meaning. *Id.*

■ The legal effect or construction of a contract is a question of law that properly may be determined on a summary judgment motion when the parties' intentions are not in issue. *Howard v. Russell Stover Candies, Inc.*, 649 F.2d 620 (8th Cir.1981). Likewise, interpretation of an insurance policy in light of undisputed facts is appropriate for decision by summary judgment. *Johnson v. American Family Life Assurance Co.*, 583 F.Supp. 1450 (D.C.Colo.1984).

■ State Farm seeks a declaratory judgment on two separate counts. In Count I, State Farm asks the Court to issue a declaration that Ronald L. Latham was not an insured within the meaning of the Policy, and that no coverage is afforded under the Policy "by reason of the accident on September 7, 1990." (Plaintiff's Complaint for Declaratory Judgment, p. 5–6).

The Policy defines an "insured" as follows:

Who Is An Insured

When we refer to your car, a newly acquired car or a substitute car, insured means:

1. You;
2. Your spouse;
3. The relatives of the first person named in the Declarations;
4. Any other person while using such a car if its use is within the scope of consent of you or your spouse; and
5. Any other person or organization liable for the use of such a car by one of the above insureds.

The language of the Braswell Policy as to who is an "insured" is clear and unambiguous. Any person who is neither listed in the Declarations Page of the Policy, nor a relative or spouse of such a listed person is not an "insured," unless that person's use of the car is within "the scope of consent" of the person listed on the Declarations Page or his or her spouse. One who operates the vehicle without consent of the owner is not an insured and is not covered under the Policy. The undisputed facts of this case reveal that Latham operated the vehicle without the consent of Bobbie Jo Braswell or the consent of Braswell's permittee, Tanya Thompson.

■ Snyder, who is the only defendant to have responded to plaintiff's complaint for declaratory judgment, agrees with State Farm that Latham operated the vehicle without the consent of Braswell, or any other person defined as an insured, and that no liability coverage is afforded because of Latham's use.

Snyder thus has no objection to the declarations prayed for in Count I as they apply to defendant Ronald L. Latham. However, in addition to seeking a declaration that Latham's operation of the vehicle was without consent, and that therefore he was not an insured within the meaning of

the Policy, State Farm seeks a further declaration that no coverage is afforded under the Policy by reason of the accident. Such a request ignores the possibility of an action by defendants against Thompson for any negligence on her part. Snyder objects to the broad terminology requested by State Farm that no coverage is afforded "by reason of the accident." He argues that, as worded, such a judgment could preclude an action against Thompson for negligence. Snyder contends Thompson was negligent in leaving the insured vehicle with the keys in the ignition while the front seat was occupied by Latham. (Defendant Snyder's Response to Plaintiff's Motion for Summary Judgment, p. 4).

The Court finds that the Policy does not cover any liability incurred by Latham, as a result of the accident on September 7, 1990. *See Illinois Farmers Ins. Co. v. Laughlin,* 662 F.Supp. 796 (S.D.Ind.1987); *Standard Mut. Ins. Co. v. Pavelka,* 580 F.Supp. 224 (S.D.Ind.1983); *and Fowler v. Farm Bureau Mutual Ins. Co.,* 137 Ind.App. 375, 209 N.E.2d 262 (1965). Although the Court has found the defendants not entitled to the benefit of coverage under the Policy as a result of Latham's unauthorized and negligent operation of the vehicle, this does not by implication mean benefits of liability coverage could not be afforded to passengers of the vehicle under other circumstances. Such an occasion would exist under the terms of Section I–Liability–Coverage A, when "an insured becomes legally liable to pay because of bodily injury to others." The Court thus does not make a declaration that no coverage is afforded under the Policy so as to preclude a possible negligence action by defendants against Thompson to recover for damages sustained as a result of the accident.

■ In Count II plaintiff asks the Court to enter a judgment declaring that plaintiff has no duties or obligations under the terms of the Policy for the medical and hospital expenses of defendants Snyder, Haynes, Bolin and Latham "for injuries resulting from the accident of September 7, 1990." (Plaintiff's Complaint for Declaratory Judgment, p. 8).

The Policy provides in Section II–Medical Payments–Coverage C:

Persons for Whom Medical Expenses Are Payable. We will pay medical expenses for bodily injury sustained by:
1.   a. the first person named in the declarations;
     b. his or her spouse; and
     c. their relatives.
These persons have to sustain the bodily injury:
a.   While they operate or occupy a vehicle covered under the liability section; or
b.   through being struck as a pedestrian by a motor vehicle or trailer.
A pedestrian means a person not an occupant of a motor vehicle or trailer.
2.   any other person while occupying:
a.   a vehicle covered under the liability coverage except a non-owned car. Such vehicle has to be used by a person who is insured under the liability coverage; or
b.   a non-owned car. The bodily injury has to result from such car's operation or occupancy by the first person named in the declarations, his or her spouse or their relatives.

The Policy issued to Braswell provides for the payment of medical expenses for bodily injuries sustained by two classes of individuals. The first group includes the first person named in the Declarations Page of the Policy, his or her spouse and their relatives. None of the defendants before the Court fall within this classification. The second group of individuals who may be entitled to medical payments under the Policy are classified under section 2(a), above. The vehicle involved in the accident was a vehicle covered under the liability coverage of the policy, thus section 2(a) will apply to the defendants only if the vehicle was "used by a person who is insured under the liability coverage".

Defendant Snyder agrees with State Farm that Latham's use of the vehicle was not covered by the policy and that medical payments could not accrue to the benefit of anyone in the vehicle "based upon Latham's driving of the car." (Defendant Snyder's Answer to Plaintiff's Reply Brief, p. 2). However, for the same reasons as

discussed above under the Liability provision, Snyder objects to the broad terminology requested by State Farm in Count II asking the Court to declare that no coverage is afforded under the medical payments portion of the Policy "by reason of the accident." Snyder contends that an issue exists as to whether the vehicle was being "used" by an insured driver, as the Policy requires, at the time of Thompson's alleged negligent act in leaving the keys in the ignition.

State Farm contends that coverage cannot be afforded for Thompson's negligence as an insured, because she was not "using" the car at the time of accident. This argument is based on State Farm's reading of section 2(a) as providing that "medical payments are only paid to any other person while occupying an insured vehicle *so long as* the vehicle is used by a person who is insured under the liability coverage." (Reply to Defendant Snyder's Response to Plaintiff's Motion for Summary Judgment, p. 6) (emphasis added).

The phrase "so long as" does not appear in section 2(a) of the Medical Payments provision, and State Farm has failed otherwise to establish that temporal qualification on coverage. State Farm did not address the merits of Snyder's argument that Thompson's negligence occurred during her use and thus was sufficient to afford coverage. Rather, State Farm chose to show that Thompson's use did not continue to the time of the accident. This argument is based on plaintiff's assumption that section 2(a) requires a temporal correspondence between the timing of the negligent act and the time span of an insured's use. Because State Farm failed to establish a temporal qualification on coverage and because it did not address Snyder's argument that Thompson's negligent act was concurrent with her use, the Court cannot make the broad declaration asked for by State Farm as a matter of law.

The Court thus finds that the Policy does not cover any liability incurred by Latham for the payment of medical expenses to any of the defendants for injuries sustained as a result of the accident of September 7, 1990. *See Farm Bureau Mut. Ins. Co. v. Emmons*, 122 Ind.App. 440, 104 N.E.2d 413 (1952) (holding that medical payments coverage of insurance policy was not available to injured plaintiffs because use of the vehicle was not with permission of owner). As in Count I, the Court does not declare that no coverage is afforded under the Policy so as to preclude an action by defendants against Thompson for the payment of medical expenses for injuries sustained as a result of the accident, under Section II–Medical Payments–Coverage C of the Policy.

For the above reasons, the Court grants summary judgment in part on Count I in favor of plaintiff, State Farm, to the extent that defendant Latham was not an insured within the meaning of the Policy. The Court denies summary judgment on the remaining portions of Count I and II, where plaintiff asserts that no coverage is afforded under the Policy by reason of the accident on September 7, 1990.

It is so ORDERED.